IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY SMITH, | : | Civil No. 1:18-CV-1957 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ABIGAIL M. ROBERTS, individually | : | |
| and in her capacity as a police officer | : | |
| for the Harrisburg Police Bureau, | : | |
| | : | |
|     Defendant. | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Presently before the court is Defendant Officer Abigail M. Roberts' ("Defendant") motion to dismiss Plaintiff Ashley Smith's ("Plaintiff") complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendant argues that the complaint should be dismissed because Plaintiff's claims are barred under the doctrine of qualified immunity. For the reasons that follow, the court will grant Defendant's motion to dismiss without prejudice.

## I. Background

The following facts are gleaned from Plaintiff's complaint and are taken as true for purposes of disposing of Defendant's motion to dismiss. On or around December 7, 2015, Plaintiff was a guest at the Crown Plaza Hotel in Harrisburg. That same evening, Harrisburg police responded to a call from the hotel's bar stating that an individual had left the bar without paying their tab. Defendant

confronted Plaintiff in the hotel lobby on the suspicion that Plaintiff was the individual who skipped out on the bar tab. Despite denying this, Plaintiff was placed under arrest on charges of disorderly conduct and public drunkenness under 18 Pa. C.S. Section 5503(a)(2), and Section 5505, respectively. Plaintiff also avers that, during the course of the arrest, Defendant used excessive force that caused bruising on Plaintiff's wrists. Plaintiff spent the night in jail, but the charges were later dismissed before a Magisterial District Judge. (Doc. 1-5, Ex. B.)

On December 5, 2017, Plaintiff filed a Writ of Summons against Defendant in the Dauphin County Court of Common Pleas (Docs. 1-2, 1-3), then filed her complaint in the same court on September 21, 2018, alleging Section 1983 claims for false arrest pursuant to the Fourth Amendment and for excessive force pursuant to the Eight Amendment and a Pennsylvania state constitutional claim for unreasonable seizure (Doc. 1-5). Defendant removed the case to this court on October 10, 2018 (Doc. 1), and filed the instant motion to dismiss on October 18, 2018 (Doc. 3). The motion has been fully briefed and is ripe for disposition.

## II. Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the

complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir.1985).

A valid complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (*citing Twombly*, 550 U.S. at 556 n.3)). Accordingly, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In disposing of a motion to dismiss, the court "should conduct a two-part analysis." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts." *Id.* at 211 (internal quotation marks omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. Discussion

#### A. Failure to Plead Lack of Probable Cause

Plaintiff raises a claim for false arrest pursuant to 42 U.S.C. § 1983 for a violation of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizures of her person. To establish a claim under Section 1983, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged

4

deprivation was committed by a person acting under color of state law." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995) (quotation omitted). In pertinent part, the Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend IV. In her motion to dismiss, Defendant argues that Plaintiff's complaint contains no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that this court is "not bound to accept as true . . . as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555 (2007)). Accordingly, Defendant argues that the court should dismiss Plaintiff's false arrest claim for failure to state a plausible claim of relief. *See McTernan v. City of York*, 577 F.3d 521, 532 (3d Cir. 2009).

An arrest made without probable cause creates a cause of action for false arrest under Section 1983. *Shelley v. Wilson*, 339 F. App'x 136, 138 (3d Cir. 2009).[1] "[A]n arrest is lawful if the officer had probable cause to arrest for any

---

[1] Plaintiff also alleges a claim under Article 1, Section 8 of the Pennsylvania Constitution, which acts as the state analog to the Fourth Amendment of the United States Constitution. *Bane v. City of Phila.*, No. 09-cv-2798, 2009 WL 6614992, *6 n.5 (E.D. Pa. June 18, 2010). In *Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006), *appeal den'd*, 909 A.2d 1291 (Pa. 2006), the Pennsylvania Commonwealth Court held that there is no separate cause of action for monetary damages for a violation of Article 1, Section 8. Federal courts have consistently applied *Jones* to hold that no private cause of action exists under Article 1, Section 8. *See Collins v. City of Phila.*, No. 16-cv-5671, 2018 WL 1980079, *4 (E.D. Pa. Apr. 27, 2018), *aff'd sub nom*,

5

offense, not just the offense cited at the time of the arrest or booking." *D.C. v. Wesby*, 138 S.Ct. 577, 584, n.2 (2018). The Third Circuit has explained how to determine if probable cause existed in the context of false arrest claims:

> "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995). Further, because "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction, . . . the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction." *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005) (internal quotations and citations omitted). Although determinations of probable cause are usually the province of the jury, a district court "may conclude that 'probable cause did exist as a matter of law if the evidence, viewed in the light most favorably to the [p]laintiff, reasonably would not support a contrary factual finding.'" *Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (internal citation and quotations omitted).

*Id.* Thus, if a plaintiff has failed to plausibly allege the lack of probable cause, the claim for false arrest must necessarily fail. *See Startzell v. City of Phila.*, 533 F.3d 183, 204 (3d Cir. 2008).

Plaintiff's complaint alleges that: (1) police were called to the hotel because a different guest had skipped out on his/her bill at the hotel bar (Doc 1-5, ¶ 5); (2) the Defendant responded and confronted the Plaintiff (*Id.* at ¶ 6) and arrested her

---

No. 18-cv-2162, 2019 WL 1757325 (3d Cir. Apr. 18, 2019); *Bodnar v. Wagner*, 2010 WL 56097, *7 (M.D. Pa. Jan. 5, 2010); *Martinez v. Marino,* 2007 WL 1775419, *5 (E.D. Pa. June 18, 2007). Accordingly, the court will dismiss Plaintiff's claim under Article 1, Section 8 of the Pennsylvania Constitution.

without reason (*Id.* at ¶ 7); (3) Defendant lacked probable cause to arrest her (*Id.* at ¶32); (4) Plaintiff was on private property[2] (*Id.* at ¶33); (5) there were no facts to support the arrest (*Id.* at ¶34); and (6) the arrest and detention were unlawful (*Id.* at ¶37).

In arguing that she had probable cause to carry out the arrest, Defendant relies on the Third Circuit's holding in *Shelley v. Wilson*, 339 F. App'x 136. In *Shelley*, the Third Circuit held that a district court properly considered a "police incident report filed by the victim, the criminal complaint and affidavit of probable cause for an arrest warrant, the state court docket, and the Pennsylvania Superior Court's decision affirming Shelley's judgment of sentence . . . " *Id.* at 137. Although *Shelley* would support the Defendant's reliance on the police report in this matter, it is also distinguishable from the facts in this case. In affirming the district court's dismissal, the Third Circuit noted that the plaintiff in *Shelley* was eventually convicted of the charges related to his false arrest claim. The Third Circuit relied on well-settled precedent holding that "subsequent conviction establishes as a matter of law that the arrest was justified" for purposes of a false arrest claim. *Id.* (citing *McClam v. Barry*, 697 F.2d 366, 370 (D.C. Cir. 1983),

---

[2] The fact that Plaintiff was on private property at the time of the arrest does not invalidate her arrest for "public drunkenness." Pennsylvania courts have defined a "public place" broadly in the context of public drunkenness charges to include businesses that are open to the public, such as bars and restaurants. *See Commw. v. Schoen*, No. 1773 WDA 2017, 2019 WL 473647, *3 (Pa. Super. Ct. Feb. 7, 2019) (citing *Commw.. v. Meyer*, 431 A.2d 287, 289 (Pa. Super. Ct. 1981). Accordingly, Plaintiff's claims that she could not have been cited for public drunkenness on private property are without merit.

7

*overruled on other grounds*, *Brown v. United States*, 742 F.2d 1498 (D.C. Cir. 1984). Unlike in *Shelley*, the existence of probable cause cannot be assumed based on a subsequent conviction because the charges against Plaintiff were eventually dismissed before the Magisterial District Judge.

This, however, does not end the court's inquiry. As stated above, Rule 8 demands more than a mere recitation of the elements of a claim. Plaintiff's complaint falls short of this requirement. The only relevant factual allegations in the complaint are that Plaintiff was arrested "without reason" (Doc. 1-5, ¶7) and that "Defendant [] did not have probable cause to arrest or cite [] Plaintiff." (*Id.* at ¶19). Notably, Plaintiff does not allege that she was sober, that she was not causing a disturbance, or any other facts that would discredit Defendant's assertion of probable cause. The mere allegation that Defendant lacked probable cause is the same "threadbare recital" and conclusory statement of law admonished by *Twombly-Iqbal*. *See Longenberger v. Miner*, No. 17-cv-588, 2018 WL 1070804, *6 (M.D. Pa. Feb. 27, 2018). Accordingly, the court will grant Defendant's motion to dismiss for failure to satisfy the pleading standards of Rule 8. The court, however, does not find that Plaintiff's claims are obviously futile. Plaintiff will be permitted to replead and may be able to assert a valid cause of action if she can allege specific facts that would support her claim that Defendant arrested her without probable cause.

**B. Qualified Immunity**

Alternatively, Defendant argues that she is entitled to qualified immunity. If qualified immunity applies, Defendant would be entitled to dismissal of the instant matter with prejudice, regardless of Plaintiff's ability to plead additional facts to support her claim. Officials have qualified immunity so long as their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). To determine if an asserted right is clearly established, courts consider "the state of the existing law at the time of the alleged violation and the [specific] circumstances confronting the officer." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d. Cir. 2010). The law is "clearly established" when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that [his conduct] violates that right." *Anderson v. Creighton*, 483 U.S. 635, 649 (1987). In the instant case, however, Defendant's entitlement to qualified immunity rises and falls with her ability to establish probable cause for the arrest. The right to be free from prosecution without probable cause is clearly established, *Andrews v. Sculli*, 853 F.3d 690, 705 (3d Cir. 2017) (citing *Donahue v. Gavin*, 280 F.3d 371, 380 (3d Cir. 2002)). Accordingly, Defendant's motion to dismiss based on the defense of qualified immunity will be denied at this juncture, but without

prejudice to renewal if Plaintiff is able to plead additional facts to survive the motion to dismiss stage.[3]

**C. Municipal Claim**

Defendant first argues that by suing Defendant in her official capacity, Plaintiff also asserts a claim against the Harrisburg Police Department ("HPD") and the City of Harrisburg ("the City").[4] Defendant argues that the HPD and the City must be dismissed because Plaintiff has failed to plead any facts that would support a claim for municipal liability in this case. In order to sustain a claim against a municipality under Section 1983, Plaintiff must show that the City had a policy or custom that directly caused the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A claim against a municipality based on a theory of *respondeat superior* is not available under Section 1983. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997). Generally, evidence of repeated violations based on such a policy or custom is necessary to support a municipal claim. *Id.* at 407.

---

[3] Plaintiff also raises a claim for excessive force; however, Plaintiff admits that the complaint fails to satisfy the pleading standards of Rule 8 and requests to be allowed to replead. Because the court will dismiss her other Section 1983 claim without prejudice, the court will allow her to replead to add any additional facts that may support her excessive force claim.

[4] Defendant asserts, and Plaintiff does not argue otherwise, that the HPD is not a distinct legal entity from the City. Accordingly, to the extent Plaintiff raises claims against the HPD or the City, the court will address them conterminously.

In this case, Plaintiff makes no mention, even vaguely, of a policy, practice, or custom that led to the alleged violation. Moreover, this appears to be an isolated incident, as Plaintiff points to no similar occurrences. Thus, Plaintiff has failed to allege a valid claim against the City or the HPD and, even under a liberal reading of the complaint, it appears that an amendment would be futile as to any municipal claim. Accordingly, Defendants' motion to dismiss will be granted with prejudice with respect to any claims against the City and the HPD.

**IV.** <u>**Conclusion**</u>

For the reasons set forth above, the court concludes that Plaintiff has failed to allege facts that are sufficient to show that she has a viable claim under Section 1983 or the Pennsylvania Constitution. Moreover, Plaintiff's claims against the City and the HPD fail because Plaintiff has failed to allege any policy or custom that gave rise to the alleged constitutional violations and it appears that no amendment to the complaint would cure this defect. Accordingly, the court will grant Defendant's motion to dismiss Plaintiff's complaint without prejudice as to Officer Roberts and with prejudice as to the City and the HPD.

                                      s/*Sylvia H. Rambo*_____
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated: April 29, 2019