IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASHLEY SMITH,** | : | **Civil No. 1:18-CV-1957** |
| Plaintiff, | : | |
| v. | : | |
| **ABIGAIL M. ROBERTS, individually** | : | |
| **and in her capacity as a police officer** | : | |
| **for the Harrisburg Police Bureau,** | : | |
| Defendant. | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Presently before the court is Defendant Officer Abigail M. Roberts' ("Defendant") motion to dismiss Plaintiff Ashley Smith's ("Plaintiff") amended complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 15.) For the reasons that follow, the court will grant Defendant's motion to dismiss.

## **I.     Background**

On December 5, 2017, Plaintiff filed a Writ of Summons against Defendant in the Dauphin County Court of Common Pleas (Docs. 1-2, 1-3), then filed her complaint in the same court on September 21, 2018. (Doc. 1-5). Defendant removed the case to this court on October 10, 2018 (Doc. 1), and filed her first motion to dismiss on October 18, 2018 (Doc. 3). On April 29, 2019, this court granted Defendant's motion to dismiss Plaintiff's complaint without prejudice as to Officer Roberts and with prejudice as to the City and the Harrisburg Police Bureau.

(Doc. 13.) The court found that Plaintiff's claims were not obviously futile and that Plaintiff should be afforded an opportunity to replead facts to satisfy the plausibility requirement under Rule 8. Plaintiff filed an amended complaint on May 13, 2019, which reasserted her Section 1983 claim for false arrest and added claims for malicious prosecution and unlawful search and seizure under federal law and state law claims for invasion of privacy and intentional infliction of emotional distress ("IIED"). (Doc. 14.) Defendant again filed a motion to dismiss arguing that the state law claims are barred by governmental immunity. (Doc. 15.) The matter has been fully briefed and is ripe for disposition.

The following facts are gleaned from Plaintiff's amended complaint and are taken as true for purposes of disposing of Defendant's motion to dismiss. On or around December 7, 2015, Plaintiff was a guest at the Crown Plaza Hotel in Harrisburg. That same evening, Harrisburg police responded to a call from a bar in a nearby hotel, the Hilton, stating that an individual had left the bar without paying their tab. Defendant arrived at the Hilton but was unable to locate the suspect. Plaintiff alleges that Defendant subsequently left the Hilton Hotel, entered the Crown Plaza, and began systematically canvassing the rooms. Eventually, Plaintiff responded to a knock at her door and began conversing with Defendant, who stated that she believed Plaintiff matched the description of the suspect. Plaintiff and Defendant then walked to the lobby of the hotel, where Defendant asked Plaintiff

to accompany her back to the Hilton to be either identified or exculpated by the bartender. Plaintiff refused. Thereafter, Plaintiff alleges that Defendant forcibly removed her from her hotel room and escorted her back to the Hilton. During this time, Defendant stated in her police report that Plaintiff began to cause a scene that attracted onlookers and generally disturbed the peace of the hotel patrons. Plaintiff, however, alleges in the complaint that it was Defendant's aggressive conduct that caused the disturbance. Regardless, Plaintiff was taken to the Hilton, but was not identified as the pilsner pilferer, libation larcenist, or alcohol absconder. Even so, Plaintiff was still placed under arrest on charges of disorderly conduct and public drunkenness under 18 Pa. C.S. § 5503(a)(2), and § 5505, respectively. Plaintiff also avers that, during the course of the arrest, Defendant used excessive force that caused bruising on Plaintiff's wrists. Plaintiff spent the night in jail, but the charges were later dismissed before a Magisterial District Judge and were never refiled. (Doc. 1-5, Ex. B.)

## II. <u>Legal Standard</u>

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994). The court must accept as true all well-pleaded allegations in the

complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (*citing Twombly*, 550 U.S. at 556 n.3)). Accordingly, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In disposing of a motion to dismiss, the court "should conduct a two-part analysis." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts." *Id.* at 211 (internal quotation marks omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## III. <u>Discussion</u>

Defendant does not seek dismissal of Plaintiff's claims for false arrest, malicious prosecution, or unlawful search and seizure pursuant to 42 U.S.C. § 1983. Defendant, however, contests the state law claims on two grounds: plausibility under Rule 8 and local government immunity pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. §§ 8541, 8545 ("Tort Claims Act"). Upon review of the pleadings, the court finds that Plaintiff

has failed to plead the required elements of a claim for IIED and that Plaintiff's invasion of privacy claim is barred by governmental immunity.

### A. Intentional Infliction of Emotional Distress

Pennsylvania recognizes a tort for IIED where: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused emotional distress; and (4) the resultant emotional distress was severe. *Bruffett v. Warner Commc'ns, Inc.*, 692 F.2d 910, 914 (3d Cir. 1982) (citing *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979)). "At the pleading stage, the court is 'to decide as an initial matter whether the conduct at issue can reasonably be regarded as sufficiently extreme to constitute 'outrageousness' as a matter of law.'" *Simpson v. Phila. Sheriff's Office*, 351 F. Supp. 3d 919, 926-27 (E.D. Pa. 2019) (quoting *Smith v. Sch. Dist. of Phila.*, 112 F. Supp. 2d 417, 427 (E.D. Pa. 2000)). "Courts have limited 'outrageous' conduct to that which goes 'beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Fugarino v. Univ. Servs.*, 123 F. Supp. 2d 838, 844 (E.D. Pa. 2000)). Plaintiff's allegations, taken as true, fail to meet this standard of intolerability. Defendant's alleged conduct may have been unreasonable given the circumstances, but it does not meet the standard for outrageous and atrocious conduct. *See, e.g.*, *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631

(E.D. Pa. 2014). (finding a plausible claim for IIED where police officers beat arrestee and used stun gun on him, and that arrestee's psychological injuries that resulted from alleged incident with officers "manifested themselves physically in the form of financial loss, sleep deprivation, reoccurring nightmares and other physically disabling manifestations.").[1] Plaintiff also argues that the arrest was outrageous because it amounts to a falsification of evidence. (Doc. 21, p. 8 (citing *Banyas v. Lower Bucks Hosp.*, 437 A.2d 1236, 1239 (Pa. Super. Ct. 1981).) The allegations in the complaint do not bear this out. At worst, Defendant cited Plaintiff for disturbing the peace when doing so was unjustified. There is no allegation that Defendant falsified evidence or acted maliciously or intentionally. In contrast, the defendants in *Banyas* intentionally falsified medical records to blame someone else for the negligent death of a patient. *Banyas*, 437 A.2d at 1239. This level of intentionally framing another for a serious crime differs significantly from an officer arresting an individual for conduct that, judging from the dismissal of the charges, was perhaps unwarranted. The standard of IIED in this regard is necessarily heightened. Being detained or placed under arrest by a police officer carries no small amount of stigma, regardless of the eventual conviction. However, it is only under limited circumstances that effecting an arrest

---

[1] Also of note, Plaintiff fails to plead any specific facts showing severe emotional distress. Instead, she pleads only in a conclusory fashion that she has suffered "extreme and severe emotional, mental, and psychic distress that has manifested itself physically." Such boilerplace recitals of the elements of a claim fail to meet the standard set forth in *Twombly-Iqbal*. *See Phillips*, 515 F.3d at 232.

rises to the level of atrocious and utterly intolerable conduct, and here, Defendant's alleged actions fall short of that standard.

### B. Invasion of Privacy

Plaintiff appears to abandon this claim in her brief in opposition to Defendant's motion to dismiss. The only mention of this claim in Plaintiff's brief is in the header to Section A: "Whether Defendant is immune from the claims of [IIED] and invasion of privacy stated in the Amended Complaint;" however, the body of that section makes no mention of the invasion of privacy claim. Regardless, Plaintiff's claim would be barred under governmental immunity. *See Allen v. Quicken Loans Inc.*, No. 17-cv-12352, 2018 WL 5874088, *10 (D. N.J. Nov. 9, 2018).

Plaintiff's claim of invasion of privacy is grounded in the allegations that Defendant intruded into her hotel room without a warrant or probable cause. Firstly, this action does not fall within any of the enumerated exceptions to immunity set forth in the Tort Claims Act. 42 Pa. C.S. § 8542(b)(1)-(8). Secondly, Plaintiff fails to plead facts that would establish "willful misconduct." *See King v. Breach*, 540 A.2d 976, 981 (Pa. Commw. Ct. 1988). Willful misconduct is not one of the expressly enumerated exceptions to sovereign liability; however, courts have held that where a municipal employee acts with actual malice or willful misconduct, such an employee may be held liable for a tort

claim. *Id.* At the time Defendant entered Plaintiff's hotel room, she had no idea who Plaintiff was or had any specific intent to accost Plaintiff. As alleged, Defendant was systematically knocking on doors in the hotel looking for a suspect. When Defendant saw Plaintiff, she believed that Plaintiff met the suspect's description. At that time, she was carrying out her investigative duties as a police officer, even if she was doing so irresponsibly or unreasonably. This allegation does not satisfy the requirement of showing subjective ill intent or misconduct aforethought. *See Renk v. City of Pittsburgh*, 641 A.2d 289, 293-94 (Pa. 1994).

Moreover, Plaintiff's "false light" claim must fail. Pennsylvania has adopted the Restatement (Second) of Torts, which defines false light invasion of privacy as:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>>
>> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652E; *see also*, *Doe v. Wyoming Valley Health Care Sys., Inc.*, 987 A.2d 758, 765 (Pa. Super. Ct. 2009) (applying the Restatement to false light invasion of privacy claim). Plaintiff has cited to no case law where a police officer questioning and subsequently arresting an individual in a public place is actionable as a false light invasion of privacy claim. Indeed, under

9

Plaintiff's construction, a valid false light claim may be pleaded any time a police officer questions a suspect in public and that suspect is later not convicted of a crime. Accordingly, Plaintiff's state law claims fail as a matter of law and shall be dismissed.

## IV. Conclusion

For the reasons set forth above, the court concludes that Plaintiff has failed to allege facts that are sufficient to show that she has a viable claim under Pennsylvania law for IIED or invasion of privacy. Accordingly, the court will grant Defendant's motion to dismiss these claims in Plaintiff's amended complaint.

*s/Sylvia H. Rambo*_____
SYLVIA H. RAMBO
United States District Judge

Dated: August 15, 2019